UNITED STATES DISTRICT COURT
Northern District of Illinois
Eastern Division

FILED
Sep 8.2008
SEP 8 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
) Case No. 08 CR 125
) 08 cr 125
V. )
) Honorable Judge:
) HARRY S. LEINENWEBER
)
Kevin J. Bujak )
)

## NOTICE OF FILING

PLEASE TAKE NOTICE that on Sept, 3, 2008. I, Kevin J. Bujak, defendant, have mailed a Notice of Filing and Motion for Substitution of Counsel with a Certificate of Service to all parties along with copies to the District Clerk's Office at 219 S. Dearborn St., Chicago, Il. 60604

X _Kevin J Bujak_

Date: 9-3-08

## CERTIFICATE OF SERVICE

I, Kevin J. Bujak, Pro Se, certify under penalty of perjury, that I served a copy of this Notice and the attached pleading on the parties to whom it was directed by mailing siad copies, First Class Mail, Postage Prepaid.

X _Kevin J Bujak_

Date: 9-3-08

UNITED STATES DISTRICT COURT
Northern District of Illinois
Eastern Division

FILED
SEP 8.2008
SEP 8 2008
MP

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
) Case No. 08 CR 125
V. )
) Honorable Judge:
) HARRY S. LEINENWEBER
Kevin J. Bujak )
)

## Motion for Substitution of Counsel

Now comes Defendant, Kevin J. Bujak, Pro Se, by and through his own means and requests the Court to enter an order to schedule a hearing on the Motion for Substitution of Counsel and in support submits the following:

1) That Attorney, Donald V. Young, was appointed by this Court under the Criminal Justice Act to represent the defendant, Kevin J. Bujak, in this case before the bar.

2) That through the full duration of the Defendant's incarceration, the Attorney of Record, Donald V. Young, has continually made himself unavailable, he also has not presented a viable defense to assist in Plea Negotiations, and the direction is only the Attorney of Record's Personal Agenda. See Strickland V. Washington, 466 US 692, 104 Sct 2067. Also See Lane V. Richards, 957 F2d 363 (7th Cir. 1992), Also See Battle V. Delo, 19 F3d 1547 (8th Cir. 1994).

3) On Aug 14, 2008. Attorney of Record, Donald V. Young, again denied Defendant, Kevin J. Bujak, access to his Complete Discovery in direct violation of Constitutional Amendments: 5, 6, & 14. Causing a Conflict of Interest. See Strickland V. Washington, 466 US 692, 104 Sct 2067. Also See Zuck V. Alabama, 588 F2d 436, 439 (5th Cir. 1979) cert den 444 US 833, 8 Sct 63, 62 LEd 2d 43.

4) Defendant, Kevin J. Bujak, has asked Attorney of Record, Donald V. Young, on more than one occasion to file certain Motions, he stated that he would not, because anything that could be argued, would be

(1)

done orally at the Sentencing Hearing. I disagreed, but he refused to acknowledged my instructions, this caused a Conflict of Interest. See Strickland V. Washington, 466 US 692, 104 Sct 2067. Also See Zuck V. Alabama, 588 F2d 436, 439 (5th Cir. 1979) cert den 444 US 833, 8 Sct 63, 62 LEd 2d 43. Also Cuyler V. Sullivan, 446 US 335, 348-350, 100 Sct 1708, 64 LEd 2d 333 (1980).

5) Also on Aug 14, 2008. Attorney of Record, <u>Donald V. Young</u>, informed Defendant, <u>Kevin J. Bujak</u>, that if he were to pay $50,000, he would get much better representation by <u>Mr. Young</u> & his associates. This is a Direct Violation of Constitutional Amendments: 5, 6, & 14, and also a violation of the Criminal Justice Act. To Quote [Lane] " A Defendant is entitled to counsel whose undivided loyalties lie with his client. Lawyers who cannot provide zealous representation must withdraw." See Lane V. Richards, 957 F2d 363 (7th Cir. 1992). Also See U.S. V. Brooks, 114 F3d 106 (7th Cir. 1997).

6) That Defendant <u>Kevin J. Bujak</u>, has irreconcilable differences with Attorney of Record, <u>Donald V. Young</u>, that has resulted in the total Communication Breakdown that cannot be mended. See U.S. V. Bjorkman, 270 F3d 482 (7th Cir. 2001).

7) Attorney of Record, <u>Donald V. Young's</u> deficient performance displayed in Pre-Trial and Plea Negotiations has been illuminated by the lack of interest and apparent Conflict of Interest in representation of Defendant, <u>Kevin J. Bujak</u>. See Strickland V. Washington, 466 US 692, 104 Sct 2067. Also Zuck V. Alabama, 588 F2d 436, 439 (5th Cir. 1979) cert den 444 US 833, 8 Sct 63, 62 LEd 2d 43.

8) That Defendant would like to have Attorney, <u>Kent R. Carlson,</u> a panel attorney that works for the Defender's Office, be appointed to represent the Defendant, in replacement of Attorney of Record, <u>Donald V. Young</u>, who the Defendant has a Conflict of Interest with. See Strickland V. Washington, 466 US 692, 104 Sct 2067. Also U.S. V. Brooks, 114 F3d 106 (7th Cir. 1997), Also Turnquest V. Wainwright, 651 F2d 331, 334 (5th Cir. 1981).

(2)

In Closing, the Defendant lacks the necessary confidence in proceeding any further with the Attorney of Record, Donald V. Young, in this case. Defendant has corresponded with Mr. Carlson, and he has agreed to represent the Defendant, Kevin J. Bujak, if the Court would see fit to appoint him. Also, Defendant humbly requests this Court to grant his Motion for Substitution of Counsel, and replace Attorney of Record, Donald V. Young, with Mr. Kent R. Carlson, or with another counsel, who holds the same interest as Defendant. Furthermore, this Substitution of Counsel is for the sole purpose of challenging sentencing issues only.

Wherefore, Defendant, Kevin J. Bujak, Pro Se, moves this Honorable Court to schedule a hearing, and grant relief in these matters.

x _____

Date: 9-3-08

(3)

## LIST OF AUTHORITIES

Constitutional Amendments: 5 (Due Process)
6 (Assistance of Counsel)
14 (Due Process / Equal Protection)

Strickland V. Washington, 466 US 692, 104 Sct 2067.

Zuck V. Alabama, 588 F2d 436, 439 (5th Cir. 1979) cert den 444 US 833, 8 Sct 63, 62 LEd 2d 43.

Battle V. Delo, 19 F3d 1547 (8th Cir. 1994).

Lane V. Richards, 957 F2d 363 (7th Cir. 1992).

Cuyler V. Sullivan, 446 US 335, 348-350; 100 Sct 1708, 64 LEd 2d 333 (1980).

U.S. V. Bjorkman, 270 F3d 482 (7th Cir. 2001).

Futch V. Dugger, 874 F2d 1483 (11th Cir. 1989).

Wood V. Gengro, 450 US 261, 101 Sct 1097 (4th Cir. 1981), 67 LEd 2d 220, cert den 455 US 1005, 102 Sct 1642, 71 LEd 2d 874 (1982).

Glasser V. U.S., 315 US 60,76; 82 Sct 457,468; 86 LEd 680 (1942).

U.S. V. Aiello, 900 F2d 528, 531 (2nd Cir. 1990).

U.S. V. Rodriguez, 982 F2d 474 (11th Cir. 1993).

U.S. V. Brooks, 114 F3d 106 (7th Cir. 1997).

Turnquest V. Wainwright, 651 F2d 331, 334 (5th Cir. 1981).

UNITED STATES DISTRICT COURT
Northern District of Illinois
Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 08 CR 125 |
| ) | |
| V. ) | Honorable Judge: |
| ) | HARRY S. LEINENWEBER |
| KEVIN J. BUJAK ) | |

Defendant's Motion for Court to Take Judicial Notice.

Now comes Kevin J. Bujak, acting Pro Se, and moves this Court pursuant to Rule 201, Federal Rules of Evidence to take "Judicial Notice" of the following issues:

### Client-Attorney Priviledge

By raising several ineffective assistance of counsel claims in my Motion for Substitution of Counsel, I am not waiving my Client-Attorney Priviledge Rights, my Attorney of Record, Donald V. Young, may not waive or violate my Client-Attorney Priviledge Rights by revealing the contents of any conversations had between Donald V. Young, and myself concerning his representation of me in any criminal proceedings, unless any questions asked are answered at a hearing, Donald V. Young, is placed under oath and I am given the opportunity to cross-examine, Donald V. Young, concerning his answers.

Wherefore, Defendant moves this Honorable Court to take Judicial Notice of the above stated fact and enter some into Records of this case.

X _____

Date: 9-3-08